IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| JAMES EDWARD MCCONNELL, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| ———————————————— | : | |
| | : | |
| NEIL C. GORDON, Chapter 7 Trustee for the Estate of James Edward McConnell, | : | CIVIL ACTION NO. 1:21-cv-304-AT |
| | : | |
| Appellant, | : | BANKR. CASE NO. 19-67128-PWB |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD MCCONNELL; NANCY J. GARGULA, | : | |
| | : | |
| Appellees. | : | |

**ORDER**

This matter is currently before the Court on Appellant Neil C. Gordon's Motion for Rehearing [Doc. 20]. Through this motion, Appellant asks the Court to reconsider its Order (Doc. 18) affirming in part and reversing in part the bankruptcy court's order (Doc. 1-2).

Under Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice," but only when "absolutely necessary." LR. 7.2(E), NDGa; *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga.

2003); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557 (N.D. Ga. 1995). Reconsideration should only be granted where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012); *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003); *Jersawitz v. People TV*, 71 F. Supp. 2d 1330 (N.D. Ga. 1999); *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993). Parties may not use a motion for reconsideration to show the court how it "could have done it better," to present the court with arguments already heard and dismissed, to repackage familiar arguments to test whether the court will change its mind, or to offer new legal theories or evidence that could have been presented in the original briefs. *Bryan v. Murphy*, 246 F. Supp. 2d at 1259; *Pres. Endangered Areas of Cobb's History, Inc.*, 916 F. Supp. at 1560; *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *Adler v. Wallace Comput. Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)). If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied. *Bryan*, 246 F. Supp. 2d at 1259; *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338.

In his Motion for Rehearing, Appellant asks the Court to reconsider the portion of its Order affirming the bankruptcy court's determination that certain

legal services performed by Appellant fell within the scope of his statutory duties as the Trustee for the bankruptcy estate and thus were not separately compensable as legal services. After reviewing the record and Appellant's arguments on appeal, this Court concluded that "nothing about the bankruptcy court's decision to deny compensation for services that it classified as trustee duties was clearly erroneous." (Doc. 18 at 27.) Appellant now requests reconsideration of the Court's determination on three separate grounds. First, that the bankruptcy court's order "Rewrites Statutes, Makes Policy and Thwarts Congressional Policy and Intent as Set Forth in Legislative History." Second, that the bankruptcy court's order "Fails to Consider When Performing Tasks Constitutes the Unauthorized Practice of Law." And third, that it "Was Unprecedented and Should Not Have Been Entered Without Notice of The Issues to Be Addressed." The Court has already considered and rejected each of these arguments.

To begin, nothing about the bankruptcy court's order was inconsistent with the dictates of the Bankruptcy Code. As this Court previously acknowledged, under 11 U.S.C. § 328(b) "the court may allow compensation for the trustee's services as such attorney . . . only to the extent that the trustee performed services as attorney . . . for the estate"; the court may not allow compensation for "performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate." (Doc.

3

18 at 14–15) (quoting 11 U.S.C. § 328(b)). Moreover, "when the trustee and the lawyer are the same person," as was the case here, "§ 328(b) requires that the trustee-attorney justify separate compensation for legal services by showing the existence of 'unique circumstances' or issues involving 'unique difficulties' that require legal work."[1] (*Id.* at 23) (quoting Doc. 1-2 at 32). To do so, "the trustee-attorney must 'establish that services for which compensation is sought constitute services outside the scope of the trustee's ordinary duties.'" (*Id.* at 16–17) (quoting *In re Lexington Hearth Lamp & Leisure, LLC*, 402 B.R. 135, 146 n.18 (Bankr. M.D.N.C. 2009)). The bankruptcy court determined that Appellant failed to meet that burden and nothing about that determination was clearly erroneous.

Furthermore, the Court has already addressed Appellant's argument that the bankruptcy court's order "Fails to Consider When Performing Tasks Constitutes the Unauthorized Practice of Law." (Doc. 20 at 10.) Specifically, the Court found that "the activities Appellant and his firm engaged in, such as document review and the filing of 'routine papers' are not the sort of tasks for which an attorney would be *required*, even if an attorney theoretically could perform any of these tasks." (Doc. 18 at 26) (emphasis in original). What is

---

[1] The Court also noted that "such dual retention . . . creates a potential vehicle by which the statutory limitation on trustee compensation might be effectively circumvented . . . if the trustee-attorney is permitted to transform what otherwise would be characterized as trustee services into legal services" (Doc. 18 at 15–16) (quoting *In re Howard Love Pipeline Supply Co.*, 253 B.R. 781, 787 (Bankr. E.D. Tex. 2000)).

more, the record did not suggest that the tasks Appellant described "entailed 'any unique or complex legal issues'" that would require an attorney. (*Id.*) (quoting Doc. 1-2 at 26–27). The Court does not agree with Appellant's assertion that these conclusions in any way "impinge[ ] on the authority of the state of Georgia to license and regulate the practice of law." (Doc. 20 at 10.)

Finally, Appellant's arguments about the "unprecedented" nature of the bankruptcy court's decision are similarly unpersuasive. Appellant argues that the Court should reconsider its ruling because the bankruptcy court's order "was issued without an evidentiary hearing, without any objection having been raised by any party in interest, and without the opportunity for the Appellants to rebut any of the Bankruptcy Court's *sua sponte* research and analysis other than by appearing at a telephonic hearing." (*Id.* at 12–13.) But this is just another repackaging of "familiar arguments" the Court has "already heard" — and rejected. *Bryan*, 246 F. Supp. 2d at 1259. Though Appellant may take issue with the level of scrutiny the bankruptcy court applied to his fee application, as the Court previously acknowledged, "[t]he bankruptcy court's scrutiny of professional fee applications is particularly important when, as is the case here, a trustee and/or his firm has been authorized to serve as an attorney or accountant for the estate." (Doc. 18 at 16) (quoting *In re Bird*, 577 B.R. 365, 374 (B.A.P. 10th Cir. 2017)). The Court finds no reversible error with this aspect of the bankruptcy court's decision.

5

For all these reasons, Appellant's Motion for Rehearing [Doc. 20] is **DENIED**.

It is **SO ORDERED** this 12th day of July, 2022.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**